REQUESTED BY: Dear Senator Haberman:
You have provided to us proposed amendments to LB 605. You have asked whether or not the amendments would withstand attack on a constitutional basis alleging vagueness or overbreadth. In essence, your amendment provides that:
 "A person engages in disorderly conduct if such person intentionally creates an unreasonable risk of injury to the person or property of others by any act."
Generally, the question of whether or not a statute may be susceptible to the challenge on the basis of vagueness arises in terms of whether or not a reasonable individual must necessarily guess what conduct is proscribed by the statute. Use of the language `an unreasonable risk of injury to the person or property of others by any act' would not require a guess at what conduct would fall within the terms of the statute. Some fairly clear standards on the reasonableness or unreasonableness of the risk of injury have been developed through case law. We believe that an attack on this basis could be successfully defended.
With respect to overbreadth, the case law in the area of disorderly conduct has generally narrowed the application of such statutes to those situations where an immediate danger of harmful results exist, sometimes referred to as fighting words where words are involved. Under the amendment as drafted an act is required. Most of the overbreadth attacks have related to protected free speech as opposed to acts. Therefore, we believe it could be successfully defended.
Section 2 authorizes a police officer to order participants and others to disperse where three or more persons are engaged in the course of disorderly conduct. Generally such statutes can withstand constitutional attack. See, Annotation, 65 A.L.R.2d 1152, failure or refusal to obey police officer's order to move on, on street, as disorderly conduct. Generally it is within the province of the Legislature to establish situations under which law enforcement officers may be authorized to order dispersal of crowds. It is necessary in such statutes that standards be established in order to guide the discretion granted to such officers. In the present statute, it is our opinion that a standard is established. The act authorizes action where an act has occurred. Thus, we believe such a provision could be defended against a constitutional attack.
We enclose with this letter a copy of an opinion issued this date to Senator Venditte which addresses similar questions and in some respects is relevant to the issues you have raised.